UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.                                                                                           Case No: 6:08-cr-129-GAP-DCI

FRANK GONZALEZ

        Defendant.

## REPORT AND RECOMMENDATION

This case comes before the Court for consideration of the United States' Motion for Final Order of Garnishment pursuant to 28 U.S.C. § 3205(c)(7). Doc. 59 (the Motion). In the Motion, the United States requests a final order with respect to the Writ of Garnishment to Merrill Lynch, Pierce, Fenner & Smith, Inc. (the Garnishee). *Id*. at 3. No response or objection has been filed and the time for doing so has elapsed. The undersigned recommends that the Motion be granted.

    **I.**    **Background**

In 2018, Frank Gonzalez (Defendant) was sentenced to a term of imprisonment and supervised release and was ordered to pay restitution in the amount of $185,181.43. Doc. 29. Judgment was entered. Doc. 31. On March 18, 2022, the United States filed an unopposed application for writ of garnishment under 18 U.S.C. § 3613 and 28 U.S.C. §§ 3002, 3202, and 3205 of the Federal Debt Collection Procedures Act (FDCPA). Doc. 49. According to the application, "[t]he United States believes the Garnishee is in possession, custody, or control of substantial nonexempt property due to the Defendant—specifically, any and all brokerage accounts, including, but not limited to, his Individual Retirement Account ending in -3825." *Id*.

at 2. The United States claimed that upon entry of judgment a lien arose against Defendant's personal property and rights to property and a demand letter was issued. *Id*. Since Defendant did not pay the amount owed upon the demand, the United States requested that a writ of garnishment be issued for service upon the Garnishee. *Id*. The Court granted the application (Doc. 51), and a writ of garnishment was issued in the amount of $183.631.43. Doc. 52 (the Writ). The Court subsequently granted the United States' application for entry of Clerk's notice of garnishment, and the notice was issued. Docs. 53, 54, 55. On April 1, 2022, the Garnishee filed an Answer and stated that:

> [The Garnishee] has the following account where it appears that [Defendant] has some ownership, equitable interest, or signing authority:
>
> a. An Individual Retirement Account ("IRA") ending in -3825 held in the name of "MLPF&S CUST FPO MR FRANK GONZALEZ IRRA FBO MR FRANK GONZALEZ" with an approximate total value of $4,148.66, comprised of cash. The IRA was restricted on December 23, 2021;
>
> Garnishee further states that the account is a retirement account, and, thus, may be exempt from garnishment.

Doc. 56 at 1-2 (the Garnishee's Answer).

On May 18, 2022, the United States certified to the Court that the Garnishee and Defendant were served with the Writ, Clerk's notice of garnishment, sample answer form for the Garnishee, and instructions. Doc. 58 at 1. Further, the United States represented to the Court that the United States Marshals Service served Defendant on April 15, 2022, with the Writ, Clerk's notice of garnishment and claim for exemption and request for hearing or transfer, the Garnishee's Answer, and instructions. *Id*.

The United States now seeks a Final Order of Garnishment against Defendant's "nonexempt interest in his IRA held by the Garnishee" because all conditions are fully satisfied. Doc. 59 at 2. The United States contends that the nonexempt interest is "approximately

$4,148.66." *Id*. The United States Marshals Service' Process Receipt and Return was also filed reflecting that Defendant was personally served with the Writ and notified of the right to hearing. Doc. 59.

## II.     Discussion

As an initial matter, since Defendant has not filed a response to the Motion, the undersigned deems it unopposed. *See* Local Rule 3.01(a). In any event, pursuant to 28 U.S.C. § 3205(c)(7): "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property."

Here, as discussed *supra*, the Garnishee has filed the Answer, and despite being notified of the right to do so, Defendant did not request a hearing and the statutory time-period to make the request has elapsed pursuant to 28 U.S.C. § 3202(d).[1] It appears that the United States has satisfied 28 U.S.C. § 3205(b) and (c), which sets forth the general requirements and procedure for the writ.

The undersigned notes, however, that the Garnishee's Answer raised a concern regarding the possible exemption of the retirement account from garnishment. The United States mentions ERISA's non-alienation provisions in a footnote, and so the undersigned will briefly address the issue. While certain annuity and pension payments are exempt from garnishment (*see* 26 U.S.C. § 6334(a)(6) and 29 U.S.C. § 1056), several courts have held that the Mandatory Victim Restitution Act of 1996 (MVRA) allows garnishment of a defendant's retirement and pension benefits to enforce a criminal restitution order. *See United States v. Torres*, 2019 WL 3457833, at *1 (M.D. Fla. July 31, 2019); *see also United States v. Fussell*, 567 F. App'x 869, 872 (11th Cir. 2014);

---

[1] Section 3202(g) provides that a defendant has 20 days after receiving the Clerk's notice to request a hearing. Defendant was served with the Writ and notified of the right to a hearing on April 15, 2022. Doc. 57.

3

*United States v. DeCay*, 620 F.3d 534, 540, 545 (5th Cir. 2010). Namely, the MVRA contains an "explicit statutory override" of the non-alienation provisions. *See United States v. Novak*, 476 F.3d 1041, 1047-48 (9th Cir. 2007) ("MVRA's criminal restitution enforcement orders do override ERISA's alienation restrictions."); *see also United States v. Lazzari*, 2014 WL 197739, at *2 (M.D. Fla. Jan. 15, 2014) (approving garnishment of a 401(k) account as non-exempt under the MVRA). As such, it appears that the property at issue is not subject to any valid exemption.

### III.     Conclusion

Accordingly, it is **RECOMMENDED** that:

1. the Motion (Doc. 59) be **GRANTED**;

2. Garnishee Merrill Lynch, Pierce, Fenner & Smith, Inc., be ordered to liquidate Defendant's non-exempt interest in his IRA, withhold and pay the appropriate taxes, and to pay the balance to the United States as payment toward Defendant's restitution obligation; and

3. the payment should be made payable to "Clerk, United States District Court," bear the notation Frank Gonzalez, Case No. 6:08-cr-129-GAP-DCI, and mailed to:

    Clerk, United States District Court
    ATTN:  DCU
    401 West Central Boulevard, Suite 1200
    Orlando, Florida 32801

### NOTICE TO THE PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

   **RECOMMENDED** in Orlando, Florida on June 16, 2022.

                     DANIEL C. IRICK
                     UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant